NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIM. NO. 18-607 (JLL) |
| v. | : | **ORDER ON TAX LOSS** |
| AMIT GOVIL, | : | |
| Defendant. | : | |

**LINARES,** Chief District Judge

**IT APPEARING THAT:**

1.      The Government has asserted that it is permitted to introduce evidence at

trial concerning the amount of the tax loss suffered by the United States due to

Defendant's alleged conduct of underreporting his income for certain tax years.  (*See*

*generally* ECF No. 21.)  At oral argument, the Government argued that the amount of

taxes that Defendant actually owed in the tax years at issue is relevant to materiality and

willfulness.  (Hr'g Tr. at 26–29, 33.)

2.      Defendant objects to the introduction of any evidence by the Government

concerning the alleged amount of the tax loss, and argues that the Government should be

limited to introducing only the alleged amount of income underreported by Defendant.

(ECF No. 22 at 3–4.)  In support of this objection, Defendant argues that the Government

only charged Defendant with underreporting income under 26 U.S.C. § 7206(1), and not

with the separate crime of attempting to evade or defeat tax under 26 U.S.C. § 7201.

(ECF No. 22 at 3; *see also* Hr'g Tr. at 29–34.)

    **3.**    Defendant's argument is correct. Defendant has not been charged under 26

U.S.C. § 7201. In a prosecution such as this one that has been brought solely under 26

U.S.C. § 7206(1):

> It is well settled that a tax deficiency is not an element of the offenses with which [a defendant is] charged. . . . [E]vidence of tax liability is *generally inadmissible* in prosecutions under [26 U.S.C.] § 7206, and a trial judge is certainly correct in taking care that a jury does not misperceive a charge of false reporting as an allegation of tax evasion. Moreover, . . . the sole issue at trial [is a defendant's] state of mind when he helped prepare or signed the incorrect tax returns. If the returns were submitted in good faith, the defendant would be entitled to an acquittal on the charges specified in the indictment, whether or not his tax liability had been correctly computed. Conversely, if the defendant knowingly and willfully filed incorrect returns in violation of a legal duty, he would be guilty of the offenses charged, again regardless of the tax consequences of the inaccurate information.

*United States v. Olgin*, 745 F.2d 263, 272 (3d Cir. 1984) (emphasis added); *see also*

*Boulware v. United States*, 552 U.S. 421, 432 n.9 (2008) (noting that the Courts of

Appeals have unanimously held that a tax deficiency is not an element of 26 U.S.C. §

7206(1)).

    **4.**    As a result, for a prosecution such as this one brought solely under 26

U.S.C. § 7206(1), whether or not there is a tax deficiency is irrelevant. *See United States*

*v. Huynh*, 721 F. App'x 655, 657 (9th Cir. 2018) (holding that 26 U.S.C. § 7206(1) is a perjury statute, and thus when a defendant is charged with underreporting income, and not with underreporting a tax liability, the existence of a tax deficiency or loss is not an element of the crime); *see also United States v. Giambalvo*, 810 F.3d 1086, 1097–98 (8th Cir. 2016) (holding the same); *United States v. Presbitero*, 569 F.3d 691, 699 (7th Cir. 2009) (holding that a tax deficiency is not relevant to a charge brought under 26 U.S.C. § 7206(1)).

5.      Therefore, the Government is barred from introducing evidence in its case-in-chief against Defendant concerning the alleged amount of the tax loss suffered by the United States.[1]  For good cause shown:


IT IS on this  _29th_  day of January, 2019, **ORDERED** that the Government's request to admit evidence of the tax loss suffered by the United States  **(ECF No. 21)**  is **DENIED**.


_____
**JOSE L. LINARES**
Chief Judge, United States District Court


---

[1]   The Court notes that although the amount of the tax loss is not an element of the offense, that loss may be relevant to any sentence imposed if Defendant is convicted of the charge. *See United States v. Kosinski*, 480 F.3d 769, 774 (6th Cir. 2007) (holding the same).