

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

February 1, 2019

Jeffrey Alberts, Esq.
Pryor Cashman
7 Times Square
New York, New York 10036

    Re: <u>Plea Agreement with Amit Govil – Crim. No. 18-607 (JLL)</u>

Dear Mr. Alberts:

    This letter sets forth the plea agreement between your client, Amit Govil, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire if an executed copy is not received by this Office by 10:00 p.m. February 1, 2019.

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Amit Govil to Count 1 of the Indictment, Criminal No. 18-607 (JLL), which charges him with making and subscribing a false tax return for tax year 2010, in violation of Title 26 U.S.C. § 7206(1). If Amit Govil enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Amit Govil related to his personal income taxes for the tax years 2008 through 2012, including charges arising from the IRS audit for those tax years. In addition, if Amit Govil fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count 2 of the Indictment, Criminal No. 18-607 (JLL), against Amit Govil.

    However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Amit Govil agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Amit Govil may be

commenced against him, notwithstanding the expiration of the limitations period after Amit Govil signs the agreement.

Sentencing

The violation of 26 U.S.C. §§ 7206(1) to which Amit Govil agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Amit Govil is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Amit Govil ultimately will receive.

Further, in addition to imposing any other penalty on Amit Govil, the sentencing judge: (1) will order Amit Govil to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Amit Govil to pay the costs of prosecution; and (3) pursuant to 18 U.S.C. § 3583 may require Amit Govil to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Amit Govil be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Amit Govil may be sentenced to not more than 1 year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Amit Govil agrees to pay restitution in the amount of $672,739.00 to the Internal Revenue Service ("IRS"). The restitution amount is based upon the total tax loss due and owing for calendar years 2008 through 2012, and shall be paid according to a payment plan established by the Court. If the Court orders Amit Govil to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Amit Govil does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Amit Govil's timely payment of restitution, according to that schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Amit Govil by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Amit Govil's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Amit Govil agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this

Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Amit Govil from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Amit Govil waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Amit Govil understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Amit Govil understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Amit Govil wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Amit Govil understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Amit Govil waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Federal Tax Form 870 Waiver

Prior to the date of sentencing, Amit Govil shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2008 through 2012; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and

(4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Amit Govil agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Amit Govil. With respect to disclosure of the criminal file to the IRS, Amit Govil waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Amit Govil's tax returns and return information.

Furthermore, Amit Govil agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2008 through 2012 or for any other amounts paid in accordance with this agreement. Amit Govil agrees that the provisions set forth in this agreement concerning his tax obligations of this agreement are appropriate conditions of Probation or Supervised Release.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Amit Govil. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Amit Govil.

No provision of this agreement shall preclude Amit Govil from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Amit Govil received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Amit Govil and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: COURTNEY A. HOWARD
CATHERINE R. MURPHY
Assistant United States Attorneys

APPROVED:

DANIEL SHAPIRO
Chief, Economic Crimes Unit

I have received this letter from my attorney, Jeffrey Alberts, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 2/1/19
Amit Govil

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: Feb 1, 2019
Jeffrey Alberts, Esq.

## Plea Agreement With Amit Govil

### Schedule A

1. This Office and Amit Govil agree to stipulate to the following fact:

    a. The tax loss involved in the offense to which Amit Govil pleads guilty, including relevant conduct, is $ 672,739.00.

2. At sentencing, this Office will not move for a further 1-point reduction in Amit Govil's offense level pursuant to U.S.S.G. § 3E1.1(b).

3. If the sentencing court accepts the factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.