NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 4, 2020

Jeffrey E. Alberts, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036
*Counsel for Defendant*

Courtney A. Howard, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    **Re:**    *United States v. Govil*
            **Criminal Action No. 18-607 (SDW)**

Counsel:

    Before this Court is Defendant Amit Govil's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

### DISCUSSION

A.

    Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).[1]  As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

B.

On February 4, 2019, Defendant pled guilty to Count One of the Indictment, Crim No. 18-607, which charged him with making and subscribing a false tax return for tax year 2010, in violation of 26 U.S.C. § 7206(1).  (D.E. 45.)  As part of his plea agreement, Defendant agreed to pay $672,739.00 in restitution. (D.E. 47 at 3.)  On May 14, 2019, former Chief Judge Jose Linares sentenced Defendant to 27 months of imprisonment and one year of supervised release.  (D.E. 53.)  Defendant is currently serving his sentence at the United States Penitentiary, Lewisburg ("Lewisburg USP") in Pennsylvania.  (D.E. 60 at 2; D.E. 61 at 3.)

Defendant claims that he filed an administrative relief request seeking compassionate release with the warden at Lewisburg USP on April 6, 2020.  (D.E. 60 at 2; *see* D.E. 62-1.)  The Government states that the Federal Bureau of Prisons ("BOP") has an undated record of such a request.  (D.E. 63 at 1; *see* D.E. 63-1.)  On May 4, 2020, Defendant moved this Court for compassionate release under the FSA on the grounds that Defendant "has numerous conditions that heighten his risk of death from COVID-19, including that he is 60 years old, male, [and] has a history of suffering from asthma."  (D.E. 60 at 4.)  Defendant claims that Lewisburg USP is undertesting and underreporting the number of infections among its inmates and staff, as evidenced by a 10% infection rate at a local hospital that tested 1,458 patients as of May 27, 2020.  (D.E. 64.)

Separately, on April 28, 2020, Lewisburg USP referred Defendant for community home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 18 U.S.C. § 3624(c)(2), which grants the BOP authority to review all inmates for discretionary transfer to home confinement.  (D.E. 60 at 2–3; D.E. 61 at 3.)  According to the Government, the BOP plans to transfer Defendant to home confinement on or about June 11, 2020.  (D.E. 63 at 2.)

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

C.

Assuming that Defendant has met the procedural prerequisites for judicial review, this Court will not grant his application because it does not find that he has established that "compelling and extraordinary reasons" justify his release." *See Epstein*, 2020 WL 1808616, at *2. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant contends that his age and asthma make him more vulnerable to becoming seriously ill should he contract COVID-19. These conditions, even in the context of a pandemic, do not fall into the categories listed in the Sentencing Commission's applicable policy statement. *See* U.S.S.G. § 1B1.13, cmt. n.1(A). Moreover, multiple courts have denied release to older inmates and asthmatic inmates despite the risk of COVID-19. *See, e.g.*, *United States v. Davis*, No. 19-1604, D.E. 50 (3d Cir. March 20, 2020) (denying motion for bail to 69-year-old defendant with asthma and high blood pressure); *United States v. Strange*, No. 15-189, 2020 WL 2512983, at *4–5 (M.D. Pa. May 15, 2020) (citing four cases denying release to asthmatic defendants).[2] Defendant relies on *United States v. Pabon*, in which Judge Anita Brody granted compassionate release to another inmate at USP Lewisburg. No. 17-165, 2020 WL 2112265 (E.D. Pa. May 4, 2020). However, the defendant in that case had both hypertension and diabetes, which Judge Brody identified as "the top two comorbidities" for COVID-19 fatalities in New York State. *Id.* at *4 (citation omitted).

This Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19. However, speculation at this point about what may or may not occur at some point in the future does not constitute a "compelling and extraordinary" reason for release. This Court is therefore satisfied that release is not warranted prior to Defendant's transfer to home confinement on or about June 11, 2020.[3]

**CONCLUSION**

Defendant's Motion for Compassionate Release is **DENIED** without prejudice. An appropriate order follows.

   /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

---

[2] This Court notes that Defendant did not provide any medical documentation regarding his asthma, nor was asthma mentioned in his pre-sentencing report. (D.E. 61 at 26.)

[3] Defendant requests, in the alternative, that this Court recommend to the BOP that he be designated to serve the remainder of his sentence under home confinement. (D.E. 60 at 27–29.) Because the BOP plans to transfer Defendant to home confinement on or about June 11, 2020, (D.E. 63 at 2), this Court declines to issue a recommendation at this time.